UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    CASE NO. 1:11-CR-00052 LJO

                 Plaintiff,        **RULING ON DEFENDANT VORASANE'S**
   vs.                                        **MOTION TO SUPPRESS (JOINDER**
                                  **BY CO-DEFENDANT VIENGKHAM**
BOUNSOU VORASANE,
KAY VIENGKHAM

              Defendants
_____ /

      The Court heard oral argument on the Motion to Suppress on February 13, 2012. The Government and each defendant were all represented by counsel. The matter was taken under submission for the Court to reread cases relied upon, one by the moving party (Case: McGrew), and the other by the Government (Case: Silva).

      The case of *US v McGrew* 122 F.3d 847 (9th Cir., 1997) deals with the specificity of a warrant, and addresses the dictates of the Fourth Amendment. In that case, the government admitted that the affidavit was not served at the time of the execution of the warrant, and it was the affidavit (not the search warrant itself) that contained the types of items sought or the types of crimes for which law enforcement sought evidence.

      The purpose in providing the warrant and an incorporated affidavit to a person whose property is being searched is twofold: 1) to limit the officer's discretion; and 2) to inform the person subject to the search what items the officers executing the warrant can seize (citing *USA v Hayes*, 794 F.2d 1348, 1355 (9th Cir. 1986). Although the **notice** at the time of the execution of the warrant

1   is being questioned in the instant motion to suppress, there has been no issue raised concerning any

2   alleged abuse of discretion by the executing officer, nor that the execution of the warrant exceeded

3   that which was permitted in the warrant.

4       The Court in the *McGrew* case held that the government has a duty to serve the search

5   warrant on the suspect, that the warrant (on its face or by attachment) must contain a sufficiently

6   particular description of what is to be seized, and because the government failed to satisfy those

7   requirements, that the search warrant was invalid.   Of significance is the fact that the Court

8   specifically held that the issue of harmless error was not a part of their opinion.

9       The Court in *USA v Silva*, et al 247 F.3d 1051 (9th Circuit, 2001) dealt with two issues:

10  1) standing; and 2) whether or not evidence seized at the defendant's home should be suppressed

11  because failing to show, provide or read the warrant, or copies of the affidavit, violated the

12  "particularity" requirement of the Fourth Amendment.

13          In the instant case, standing is not an issue.

14      In the instant case, the undersigned Court has already found that the affidavit and the warrant

15  contained the required statutory and Constitutional specificity.

16      The *Silva* Court held that if the warrant/affidavit contain the specifics required by law, the

17  first interest, i.e. to limit the discretion of the searching officer, is protected.  It further held that

18  "...the property owner's remaining interests, that of assurance and notice, are then protected by the

19  Fourth Amendment's general prohibition against unreasonable searches." (247 F.3d, at 1058).  The

20  *Silva* Court cites the California state court case of ***People v Rodrigues-Fernandez***, 235 Cal. App. 3d,

21  543, at 553 (1991) for the proposition that in California, there is no statutory or constitutional

22  requirement that a search warrant be exhibited as a prerequisite to executing it.

23      This Court, on the record at the oral argument, ruled that there is no required FRCrP Rule 41

24  compliance, since there is no indication in the instant case that there was any federal law

25  enforcement involvement in authoring or executing the relevant search warrant.

26      Finally, since this Court has ruled that the Fourth Amendment's required specifics exist, both

27  in the affidavit and in the warrant itself, this Court further holds that any violation of any

28  requirement that the *McGrew* Court believed existed to serve or exhibit or provide the defendant

with the warrant/affidavit at the time of the warrant's execution constitutes harmless error. The absence of showing, providing or reading anyone copies of the warrant or the affidavit did not preclude or prevent the defendants in the instant case ultimately from challenging either the limit of the officer's discretion or whether the execution officer exceeded the scope of the warrant in seizing what was taken from the defendant.

The Motion to Suppress is DENIED.

IT IS SO ORDERED.

**Dated:    February 13, 2012**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE